TAWANA KENNEDY,

      Plaintiff,                               Case No.:  25-CV-1834

v.

LAKEVIEW NEUROREHAB
CENTER MIDWEST, INC.,

      Defendant.

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

NOW COMES Defendant, Lakeview NeuroRehab Center Midwest, Inc. ("Lakeview"), by and through its counsel, Hinshaw & Culbertson LLP, and as for its Answer and Affirmative Defenses to Plaintiff's Complaint, alleges and shows the Court as follows:

1.      This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*. ("WWPCL") and Fed. R. Civ. P. 23, by Plaintiff, Tawana Kennedy, on behalf of herself and all other similarly situated current and former hourly-paid, non-exempt employees of Defendant, Lakeview Neurorehab Center Midwest, Inc., for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

**ANSWER:**    Admit that this case was brought pursuant to Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. §

109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*. ("WWPCL") and Fed. R. Civ. P. 23, by Plaintiff, Tawana Kennedy, and that Plaintiff alleges violations thereof. Deny all remaining allegations in this paragraph.

2. Defendant operated an unlawful compensation system that deprived and failed to compensate Plaintiff and all other current and former hourly-paid, non-exempt employees for all hours worked and work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, by failing to include all forms of non-discretionary compensation, such as monetary bonuses, commissions, incentives, awards, and/or other rewards and payments, in said employees' regular rates of pay for overtime calculation purposes, in violation of the FLSA and WWPCL.

**ANSWER:** Deny.

3. Defendant's failure to compensate its hourly paid, non-exempt employees for compensable work performed each workweek, including but not limited to at an overtime rate of pay, was intentional, willful, and violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

**ANSWER:** Deny.

**JURISDICTION AND VENUE**

4. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

**ANSWER:** Admit only that this Court has jurisdiction over Plaintiff's FLSA claims. Deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations and, therefore, deny the same.

2

1095302\327209055.v1

5. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.*, because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

**ANSWER:** Admit only that this Court has supplemental jurisdiction over Plaintiff's state law claim. Deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations and, therefore, deny the same.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant has substantial and systematic contacts in this District.

**ANSWER:** Admit only that venue is proper in this Court. Deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations and, therefore, deny the same.

## PARTIES

7. Plaintiff, Tawana Kennedy, is an adult female resident of the State of Wisconsin residing at 731 Monticello Drive, Racine, Wisconsin 53402.

**ANSWER:** Admit that Tawana Kennedy is an adult. Deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations and, therefore, deny the same.

8. Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) was contemporaneously filed with the Complaint (ECF No. 1).

**ANSWER:** Deny knowledge and information sufficient to form a belief as to the truth of the allegations and, therefore, deny the same.

3

1095302\327209055.v1

9. Defendant, Lakeview Neurorehab Center Midwest, Inc., is an entity doing business in the State of Wisconsin with a principal office address of 1701 Sharp Road, Waterford, Wisconsin 53185.

**ANSWER:** Admit.

10. Defendant is a healthcare entity.

**ANSWER:** Admit.

11. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiff performed compensable work in the State of Wisconsin as an hourly-paid, non-exempt employee in the position of Cook in the State of Wisconsin.

**ANSWER:** Admit only that Plaintiff performed some compensable work for Defendant. Deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations and, therefore, deny the same.

12. For purposes of the FLSA, Defendant was an "employer" of "employees," including Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

**ANSWER:** This paragraph sets forth legal conclusions and does not require an answer. To the extent that an answer is required, deny the allegations in this paragraph to the extent that they are inconsistent with the FLSA generally. Deny the remaining allegations set forth in this paragraph.

13. For purposes of the WWPCL, Defendant was an "employer" of Plaintiff, Plaintiff was an "employee" of Defendant, and Plaintiff was "employed" by Defendant, as those terms, or variations thereof, are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

4

1095302\327209055.v1

**ANSWER:** This paragraph sets forth legal conclusions and does not require an answer. To the extent that an answer is required, deny the allegations in this paragraph to the extent that they are inconsistent with the WWPCL generally. Deny the remaining allegations set forth in this paragraph.

14. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

**ANSWER:** Admit.

15. During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

**ANSWER:** Admit.

16. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

**ANSWER:** Admit.

17. During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

**ANSWER:** Deny knowledge and information sufficient to form a belief as to the truth of the allegations and, therefore, deny the same.

18. Plaintiff brings this action on behalf of herself and all other similarly-situated current and former hourly-paid, non-exempt employees employed by Defendant within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1). Plaintiff and all other current and former hourly-paid, non-exempt employees performed compensable work in the same or similarly-titled positions subject to Defendant's same unlawful compensation policies and practices as enumerated herein at Defendant's direction, on Defendant's behalf, for Defendant's

1095302\327209055.v1

benefit, and/or with Defendant's knowledge.

**ANSWER:** Admit only that Plaintiff purports to allege bringing this action on behalf of herself and other allegedly similarly-situated current and former hourly-paid, non-exempt employees employed by Defendant. Further admit that Plaintiff performed some compensable work for Defendant. Deny that Defendant subjected Plaintiff or anyone else to unlawful policies or practices. Deny the remaining allegations set forth in this paragraph.

19. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant hired, terminated, promoted, demoted, and/or suspended Plaintiff and all other hourly-paid, non-exempt employees.

**ANSWER:** Admit only that Defendant had the ability to hire, terminate, promote, demote, and suspend Plaintiff during her employment with Defendant. Deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations and, therefore, deny the same.

20. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant supervised Plaintiff's and all other hourly-paid, non-exempt employees' day-to-day activities.

**ANSWER:** Admit only that Defendant's personnel supervised Plaintiff during her employment with Defendant. Deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations and, therefore, deny the same.

21. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant reviewed Plaintiff's work performance and the work performance of all other hourly-paid, non-exempt employees.

6

1095302\327209055.v1

**ANSWER:** Admit only that Defendant had the ability and authority to review Plaintiff's work performance during her employment with Defendant. Deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations and, therefore, deny the same.

22. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant established Plaintiff's and all other hourly-paid, non-exempt employees' work schedules and provided Plaintiff and all other hourly-paid, non-exempt employees with work assignments and hours of work.

**ANSWER:** Admit only that Defendant occasionally established Plaintiff's work schedule during her employment with Defendant. Deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations and, therefore, deny the same.

23. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees similarly utilized Defendant's employment policies, practices, and/or procedures in the performance of their job duties.

**ANSWER:** Admit only that Plaintiff was required to utilize Defendant's employment policies, practices, and/or procedures in the performance of her job duties. Deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations and, therefore, deny the same.

24. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant oversaw, managed, and adjudicated Plaintiff's and all other hourly-paid, non- exempt employees' employment-related questions, benefits-related questions, and workplace issues.

**ANSWER:** Admit only that Defendant's personnel had the ability and authority to oversee, manage, and adjudicate Plaintiff's employment-related questions, benefits-related

7

1095302\327209055.v1

questions, and workplace issues. Deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations and, therefore, deny the same.

25. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant established the terms and conditions of Plaintiff's and all other hourly-paid, non-exempt employees' employment.

**ANSWER:** Admit only that Defendant established the terms and conditions of Plaintiff's employment. Deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations and, therefore, deny the same.

## GENERAL ALLEGATIONS

26. In approximately September 2022, Defendant hired Plaintiff into the position of Cook working at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge primarily in the State of Wisconsin.

**ANSWER:** Admit that Defendant hired Plaintiff into the position of Cook. Admit further that Plaintiff performed her job as cook in the State of Wisconsin. Deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations and, therefore, deny the same.

27. During the entirety of Plaintiff's employment with Defendant, Defendant compensated Plaintiff on an hourly basis and/or with an hourly rate of pay.

**ANSWER:** Admit.

28. During the entirety of Plaintiff's employment with Defendant, Plaintiff was a non-exempt employee for purposes of the FLSA and WWPCL.

**ANSWER:** This paragraph sets forth legal conclusions and does not require an answer. To the extent that an answer is required, deny the allegations in this paragraph to the extent that

8

they are inconsistent with the FLSA and WWPCL generally. Deny the remaining allegations set forth in this paragraph.

29. On or about November 4, 2025, Plaintiff's employment with Defendant ended.

**ANSWER:** Admit.

30. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were employed by Defendant in hourly-paid, non-exempt job positions and performed compensable work on Defendant's behalf, with Defendant's knowledge, for Defendant's benefit, and/or at Defendant's direction primarily based in the State of Wisconsin.

**ANSWER:** Admit only that Plaintiff performed compensable work in the hourly-paid position of Cook based in the State of Wisconsin. Deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations and, therefore, deny the same.

31. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees worked in excess of forty (40) hours per workweek.

**ANSWER:** Admit only that Plaintiff occasionally worked in excess of forty (40) hours per workweek. Deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations and, therefore, deny the same.

32. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant knew or had knowledge that Plaintiff and all other hourly-paid, non-exempt employees worked in excess of forty (40) hours per workweek.

1095302\327209055.v1

**ANSWER:** Admit only that Defendant knew Plaintiff occasionally worked in excess of forty (40) hours per workweek. Deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations and, therefore, deny the same.

33. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid, non-exempt employees on a bi-weekly basis via check.

**ANSWER:** Admit only that Defendant compensated Plaintiff on a bi-weekly basis via paycheck. Deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations and, therefore, deny the same.

34. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's workweek for FLSA and WWPCL purposes was Sunday through Saturday.

**ANSWER:** Admit.

35. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were non-union employees of Defendant.

**ANSWER:** Admit that Plaintiff was a non-union employee of Defendant. Deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations and, therefore, deny the same.

36. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) and on a bi-weekly, monthly, quarterly, annually, and/or ad hoc basis, Plaintiff and all other hourly-paid, non-exempt employees earned and were compensated with monetary bonuses, commissions, incentives, awards, and/or other rewards and payments based on their hours worked or work performed during their employment with Defendant.

1095302\327209055.v1

**ANSWER:** Admit only that Plaintiff occasionally received monetary bonuses. Deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations and, therefore, deny the same.

37. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant failed to include all forms of non-discretionary compensation, such as monetary bonuses, commissions, incentives, awards, and/or other rewards and payments, in Plaintiff's and all current and former hourly-paid, non-exempt employees' regular rates of pay for overtime purposes in violation of the FLSA and WWPCL.

**ANSWER:** Deny.

38. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were subject to Defendant's same pay and timekeeping policies and practices.

**ANSWER:** Deny knowledge and information sufficient to form a belief as to the truth of the allegations and, therefore, deny the same.

39. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant tracked and/or recorded Plaintiff's and all other hourly-paid, non-exempt employees' hours worked each workweek.

**ANSWER:** Admit only that Defendant tracked and/or recorded Plaintiff's hours worked each workday and each workweek. Deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations and, therefore, deny the same.

40. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained employment records and other documentation regarding Plaintiff and all other hourly-paid, non-exempt employees.

1095302\327209055.v1

**ANSWER:** Admit only that Defendant maintained employment records and other documentation regarding Plaintiff. Deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations and, therefore, deny the same.

41. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for tracking and/or recording hours worked by Plaintiff and all other hourly-paid, non-exempt employees.

**ANSWER:** Admit only that Defendant maintained a centralized system for tracking and/or recording hours worked by Plaintiff. Deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations and, therefore, deny the same.

42. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for compensating Plaintiff and all other hourly-paid, non-exempt employees for all remuneration earned, including but not limited to, with monetary bonuses, commissions, incentives, awards, and/or other rewards and payments.

**ANSWER:** Admit only that Defendant maintained a centralized system for compensating Plaintiff. Deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations and, therefore, deny the same.

43. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt employees at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

**ANSWER:** Deny.

44. Defendant was or should have been aware that its compensation policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt employees in the same or

1095302\327209055.v1

similar fashion for all hours worked and/or work performed each workday and each workweek, including but not limited to, at an overtime rate of pay.

**ANSWER:** Deny.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

45. Plaintiff brings this action on behalf of herself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> All hourly-paid, non-exempt employees employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) who received a form of compensation, such as a monetary bonus, commission, incentive, award, and/or other reward and/or payment, during a workweek when said employees worked more than forty (40) hours during the representative time period that the form of compensation covered.

**ANSWER:** Admit only that Plaintiff purports to allege she brought this action on behalf of herself and other allegedly similarly-situated employees pursuant to the FLSA. Deny the remaining allegations set forth in this paragraph.

46. Plaintiff and the FLSA Collective primarily performed non-exempt job duties each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

**ANSWER:** This paragraph sets forth legal conclusions and does not require an answer. To the extent that an answer is required, deny the allegations in this paragraph to the extent that they are inconsistent with the FLSA generally. Deny the remaining allegations set forth in this paragraph.

47. Plaintiff and the FLSA Collective were compensated on an hourly basis (and not on a salary basis) each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

13

1095302\327209055.v1

**ANSWER:** This paragraph sets forth legal conclusions and does not require an answer. To the extent that an answer is required, deny the allegations in this paragraph to the extent that they are inconsistent with the FLSA generally. Deny the remaining allegations set forth in this paragraph.

48. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and the FLSA Collective with, in addition to an hourly or regular rate(s) of pay, other forms of non-discretionary compensation – such as performance-based and/or attendance-based monetary bonuses, commissions, incentives, awards, and/or other rewards and payments – on a weekly, bi-weekly, monthly, quarterly, annual, and/or ad hoc basis.

**ANSWER:** Admit only that Plaintiff occasionally received monetary bonuses. Deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations and, therefore, deny the same.

49. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), the monetary compensation that Defendant provided to Plaintiff and the FLSA Collective was non-discretionary in nature: it was made pursuant to a known plan (performance or productivity) or formula and/or were announced and known to Plaintiff and the FLSA Collective to encourage and/or reward their steady, rapid, productive, reliable, safe, consistent, regular, predictable, continued, and/or efficient work performance and/or hours worked.

**ANSWER:** Deny.

50. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's pay practices failed to include all forms of non-discretionary compensation, such as monetary bonuses, commissions, incentives, awards, and/or other rewards and payments, in Plaintiff's and the FLSA Collective's regular rate(s) of pay for overtime calculation and

1095302\327209055.v1

compensation purposes during workweeks when said employees worked more than forty (40) hours during the representative time period.

**ANSWER:** Deny.

51. The First Claim for Relief is brought under and maintained as opt-in Collective Action pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collective.

**ANSWER:** This paragraph sets forth legal conclusions and does not require an answer. To the extent that an answer is required, deny the allegations in this paragraph to the extent that they are inconsistent with the FLSA generally. Deny the remaining allegations set forth in this paragraph.

52. The FLSA Collective claims may be pursued by those who affirmatively opt-in to this case, pursuant to 29 U.S.C. § 216(b).

**ANSWER:** This paragraph sets forth legal conclusions and does not require an answer. To the extent that an answer is required, deny the allegations in this paragraph to the extent that they are inconsistent with the FLSA generally. Deny the remaining allegations set forth in this paragraph.

53. Plaintiff and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff as stated herein are the same as those of the FLSA Collective.

**ANSWER:** Deny.

54. Plaintiff and the FLSA Collective seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to properly and lawfully compensate

15

1095302\327209055.v1

employees for all work performed and/or hours worked at the correct and lawful overtime rate of pay each workweek, in violation of the FLSA.

**ANSWER:** Deny.

55. Defendant was or should have been aware that its unlawful practices failed to compensate and deprived Plaintiff and the FLSA Collective of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

**ANSWER:** Deny.

56. The FLSA Collective is readily ascertainable. For purposes of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendant and through posting at Defendant's facilities in areas where postings are normally made.

**ANSWER:** Deny.

57. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative FLSA Collective.

**ANSWER:** Deny.

### <u>RULE 23 CLASS ALLEGATIONS – WISCONSIN</u>

58. Plaintiff brings this action on behalf of herself and all other similarly-situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23. The similarly situated employees include:

> All hourly-paid employees employed by Defendant in the State of Wisconsin within the two (2) years immediately preceding the filing of the Complaint, (ECF No. 1), and through the date of final judgment who received a form of compensation, such as a monetary bonus, commission, incentive, award, and/or other reward and/or payment, during a workweek when said employees worked more than forty (40) hours during the representative time period that the form of compensation covered.

16

1095302\327209055.v1

**ANSWER:** Admit only that Plaintiff purports to allege she brought this action on behalf of herself and other allegedly similarly-situated employees pursuant to the WWPCL. Deny the remaining allegations set forth in this paragraph.

59. The members of the Wisconsin Class are readily ascertainable. The number and identity of the members of the Wisconsin Class are determinable from the records of Defendant. The job titles, length of employment, and the rates of pay for each member of the Wisconsin Class are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

**ANSWER:** Deny.

60. The proposed Wisconsin Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over fifty (50) members of the Wisconsin Class.

**ANSWER:** Deny.

61. Plaintiff's claims are typical of those claims which could be alleged by any members of the Wisconsin Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Class in separate actions. All of the members of the Wisconsin Class were subject to the same corporate practices of Defendant, as alleged herein. Defendant's corporate-wide policies and practices affected all members of the Wisconsin Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Class. Plaintiff and other members of the Wisconsin Class sustained similar losses, injuries and damages arising from the same unlawful policies and practices and procedures.

**ANSWER:** Deny.

62. Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Class and has no interests antagonistic to the Wisconsin Class. Plaintiff is represented by counsel who are experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

**ANSWER:** Deny.

63. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Wisconsin Class to redress the wrongs done to them.

**ANSWER:** Deny.

64. Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Class, establishing incompatible standards of conduct for Defendant

1095302\327209055.v1

and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

**ANSWER:** Deny.

65. Defendant has violated the WWPCL regarding payment of regular wages and overtime wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

**ANSWER:** Deny.

66. There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Class arising from Defendant's actions include, without limitation, the following: (1) Whether the work performed by Plaintiff and the Wisconsin Class is compensable under federal law and/or Wisconsin law; (2) Whether Defendant failed to include all forms of non- discretionary compensation in Plaintiff's and the Wisconsin Class' regular rate of pay for overtime purposes; and (3) The nature and extent of class-wide injury and the measure of damages for the injury.

**ANSWER:** Deny.

67. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient

1095302\327209055.v1

adjudication of the state law claims.

**ANSWER:** Deny.

**FIRST CLAIM FOR RELIEF**
Violations of the FLSA – Unpaid Overtime Wages
<u>(Plaintiff on behalf of herself and the FLSA Collective)</u>

68. Plaintiff, on behalf of herself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

**ANSWER:** Defendant repeats, realleges and incorporates herein by reference its answers to paragraphs 1 through 67 above as though fully set forth herein.

69. At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

**ANSWER:** This paragraph sets forth legal conclusions and does not require an answer. To the extent that an answer is required, deny the allegations in this paragraph to the extent that they are inconsistent with the FLSA generally. Deny the remaining allegations set forth in this paragraph.

70. At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

**ANSWER:** This paragraph sets forth legal conclusions and does not require an answer. To the extent that an answer is required, deny the allegations in this paragraph to the extent that they are inconsistent with the FLSA generally. Deny the remaining allegations set forth in this paragraph.

71. At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

20

1095302\327209055.v1

**ANSWER:** This paragraph sets forth legal conclusions and does not require an answer. To the extent that an answer is required, deny the allegations in this paragraph to the extent that they are inconsistent with the FLSA generally. Deny the remaining allegations set forth in this paragraph.

72. Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

**ANSWER:** Deny.

73. Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective for overtime premium pay at the proper and correct overtime rate of pay for each hour worked in excess of forty (40) hours each workweek by failing to include all forms of non-discretionary compensation in the FLSA Collective's regular rates of pay for overtime calculation purposes.

**ANSWER:** Deny.

74. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

**ANSWER:** This paragraph sets forth legal conclusions and does not require an answer. To the extent that an answer is required, deny the allegations in this paragraph to the extent that they are inconsistent with the FLSA generally. Deny the remaining allegations set forth in this paragraph.

75. Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce,

21

1095302\327209055.v1

as defined in FLSA, 29 U.S.C. § 203(b).

**ANSWER:** This paragraph sets forth legal conclusions and does not require an answer. To the extent that an answer is required, deny the allegations in this paragraph to the extent that they are inconsistent with the FLSA generally. Deny the remaining allegations set forth in this paragraph.

76. Defendant's failure to properly compensate Plaintiff and the FLSA Collective and failure to properly include all forms of non-discretionary compensation in the regular rate of pay for overtime calculations purposes was willfully perpetrated. Defendant also has not acted in good faith and with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

**ANSWER:** Deny.

77. Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

**ANSWER:** Deny.

78. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

**ANSWER:** Deny.

22

1095302\327209055.v1

79. Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**ANSWER:** This paragraph sets forth legal conclusions and does not require an answer. To the extent that an answer is required, deny the allegations in this paragraph to the extent that they are inconsistent with the FLSA generally. Deny the remaining allegations set forth in this paragraph.

**SECOND CLAIM FOR RELIEF**
Violations of the WWPCL – Unpaid Overtime Wages
<u>(Plaintiff, on behalf of herself and the Wisconsin Class)</u>

80. Plaintiff, on behalf of herself and the Wisconsin Class, reasserts and incorporates all previous paragraphs as if they were set forth herein.

**ANSWER:** Defendant repeats, realleges and incorporates herein by reference its answers to paragraphs 1 through 79 above as though fully set forth herein.

81. At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

**ANSWER:** This paragraph sets forth legal conclusions and does not require an answer. To the extent that an answer is required, deny the allegations in this paragraph to the extent that they are inconsistent with the WWPCL and Wisconsin law generally. Deny the remaining allegations set forth in this paragraph.

82. At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

23

1095302\327209055.v1

**ANSWER:** This paragraph sets forth legal conclusions and does not require an answer. To the extent that an answer is required, deny the allegations in this paragraph to the extent that they are inconsistent with the WWPCL and Wisconsin law generally. Deny the remaining allegations set forth in this paragraph.

83. At all relevant times, Defendant employed Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

**ANSWER:** This paragraph sets forth legal conclusions and does not require an answer. To the extent that an answer is required, deny the allegations in this paragraph to the extent that they are inconsistent with the WWPCL and Wisconsin law generally. Deny the remaining allegations set forth in this paragraph.

84. Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

**ANSWER:** Deny.

85. At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class overtime compensation.

**ANSWER:** Deny.

86. Throughout the Wisconsin Class Period, Defendant maintained and perpetrated an unlawful compensation practice that failing to include all forms of non-discretionary compensation in the Wisconsin Class' regular rates of pay for overtime calculation purposes, in violation of the WWPCL.

**ANSWER:** Deny.

24

1095302\327209055.v1

87. Defendant willfully failed to pay Plaintiff and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek, in violation of the WWPCL.

**ANSWER:** Deny.

88. As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

**ANSWER:** Deny.

89. Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**ANSWER:** Deny.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims, brought on behalf of herself and the putative members of the purported collective and/or class as set forth in the Complaint, fail to state facts sufficient to state a claim or constitute a cause of action against Defendant.

2. Plaintiff's claims, brought on behalf of herself and the putative members of the purported collective and/or class as set forth in the Complaint, are barred by payment as Plaintiff and/or the putative members of the purported collective and/or class have received all compensation to which they are entitled under applicable state law.

3. Plaintiff's claims, brought on behalf of herself and the putative members of the purported collective and/or class as set forth in the Complaint, are barred, or limited, by the applicable statutes of limitation.

4. Plaintiff's claims, brought on behalf of herself and the putative members of the

25

1095302\327209055.v1

purported collective and/or class as set forth in the Complaint, cannot and should not be maintained as a collective and/or class action, as Plaintiff and the putative collective and/or class members are not similarly situated.

5. Plaintiff's claims, brought on behalf of herself and the putative members of the purported collective and/or class as set forth in the Complaint, cannot and should not be maintained on a collective and/or class action basis, as the claims fail to meet the necessary requirements for collective and/or class certification, including, class ascertainability, typicality, commonality, numerosity, manageability, superiority, and adequacy of the collective and/or class representative; lack of a community interest among the among the putative collective and/or class; and because collective and/or class certification is inappropriate due to Defendant's lawful policies.

6. Plaintiff's claims, brought on behalf of herself and the putative members of the purported collective and/or class as set forth in the Complaint, are barred, in whole or in part, to the extent that the claims have been released, waived, discharged, and/or abandoned.

7. Plaintiff's claims, brought on behalf of herself and the putative members of the purported collective and/or class as set forth in the Complaint, are barred, in whole or in part, by the doctrines of unclean hands, laches, estoppel, and/or set-off.

8. Plaintiff's claims, brought on behalf of herself and the putative members of the purported class as set forth in the Complaint, are barred, in whole or in part, for failure to properly utilize Defendant's timekeeping system and/or accurately record all hours worked.

9. Without admitting liability for any acts or omissions alleged, Defendant's actions or omissions were in good faith and with reasonable grounds for believing that they had not violated state law.

10. Without admitting liability for any acts or omissions alleged, Defendant's actions or omissions were not intentional or willful violations of the FLSA and/or WWPCL.

11. Plaintiff's claims or damages are barred or reduced to the extent that she failed to properly mitigate her alleged damages.

12. Defendant reserves the right to assert additional defenses that may be appropriate as discovery and/or investigation proceeds.

WHEREFORE, Defendant, Lakeview NeuroRehab Center Midwest, Inc. respectfully demands judgment dismissing all claims alleged against it on the merits, with prejudice and with fees, costs, and disbursements and such other relief as the Court deems equitable.

26

1095302\327209055.v1

**Defendant, Lakeview NeuroRehab Center Midwest, Inc.
hereby demands a jury of 12 on all triable issues.**

Dated this 22nd day of May, 2026.

*s/ Corey J. Swinick*
Corey J. Swinick
State Bar No.: 1097530
Attorneys for Defendant, Lakeview NeuroRehab
Center Midwest, Inc
HINSHAW & CULBERTSON LLP
790 N. Water Street, Suite 1950
Milwaukee, WI 53202
Phone: 414-276-6464
cswinick@hinshawlaw.com

1095302\327209055.v1